IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

---

HUEY C. CALHOUN,

    Claimant,

v.                                                                                    No.:

UNITED STATES and
UT MEDICAL GROUP, INC.,

    Defendants.

---

### COMPLAINT
---

Comes now your Plaintiff and alleges the following for his cause of action:

I.
NOTICE REQUIRED BY T.C.A. §29-26-121(a)

1.The Plaintiff has given Notice to Defendants pursuant to T.C.A. §29-26-121. Proof of Notice is attached hereto as Exhibit 1. The T.C.A. §29-26-122 Certificate of Good Faith is attached hereto as Exhibit 2.

II.
JURISDICTION, VENUE, AND PARTIES

2.The acts complained of occurred in Memphis, Shelby County, Tennessee, in the Western District of Tennessee.

3.At all times relevant herein, Santiago R. Vera, Eugene A. Mangiante, M.D., Roland J. St. Hilaire, Conar P. Fitton, M.D., Benjamin C. Duboise, M.D., Cody Grange, R.N., and Catherine G. Hollie, R.N., were employed by UT Medical Group, Inc., and the United

States, Department of Veterans Affairs, and were agents of or were apparent or ostensible agents of UT Medical Group, Inc. and the United States, Department of Veterans Affairs.

4. At all times relevant herein, Conar P. Fitton, M.D., was an agent of and was directly supervised by Roland J. St. Hilaire, M.D., while performing a colonoscopic examination on Huey C. Calhoun on January 11, 2010.

5. At all times relevant herein, Benjamin C. Duboise, M.D., was an agent of and was directly supervised by Eugene C. Mangianta, M.D., while performing surgery on Huey C. Calhoun on February 5, 2010.

6. At all times relevant herein, John P. Nash, M.D., Nathaniel Stokes, M.D., and Casey J. Stennes, M.D., were agents of and were directly supervised by Eugene C. Mangiante, M.D., and other attending physicians of UT Medical Group, Inc., in communicating with Huey C. Calhoun after his surgery on February 5, 2010.

7. At all times relevant herein, Benjamin C. Duboise, M.D., Josh P. Nash, M.D., Nathaniel Stokes, M.D., and Casey J. Stennes, M.D., were employees of the State of Tennessee.

8. On March 30, 2011, the Department of Veterans Affairs received Plaintiff's Standard Form 95 signed by Huey C. Calhoun, making an Administrative Tort Claim pursuant to Title 28 U.S.C. § 2675.

9. On September 20, 2011, the Department of Veterans Affairs denied Plaintiff's claim and provided an opportunity for reconsideration by the VA General Counsel with the following provision:

> To be timely filed, VA must receive this request prior to the expiration of six months from the date of the filing of this final denial. Upon filing such a request for reconsideration, the Department of Veterans Affairs shall have six months from the date of that filing in which to make final disposition of the claim, and your option to file suit in an appropriate United States District Court under 28

U.S.C 2675(a) shall not accrue until six months after the filing of such request for reconsideration (28 C.F.R. Section 14.9).

10. On October 13, 2011, Plaintiff requested a reconsideration of the claim from the VA General Counsel, Washington, DC, by faxing and e-mailing a Request for Reconsideration. The Request was acknowledged on October 25, 2011.

11. More than six (6) months have passed since the October 13, 2011 Request for Reconsideration, and the VA General Counsel has not responded to the Request for Reconsideration.

### III.
### FACTS

12. On January 10, 2010, Huey C. Calhoun was a 68-year-old male with no family history of colon cancer and no signs and symptoms of colon cancer who went to the VAMC Memphis for a colonoscopy screening.

13. On January 10, 2010, Roland J. St. Hilaire, M.D., and Conar P. Fitton, M.D., performed a colonoscopy on Mr. Calhoun's colon and failed to enter the patient's identification data in the Olympus Colonovideoscope patient identification data fields and failed to insure that the data fields were properly entered with Mr. Calhoun's patient identification data.

14. On January 10, 2010, Robert J. St. Hilaire, M.D., and Conar P. Fitton, M.D., or their assistants who they were directly supervising, Cody Grange and Catherine G. Hollie, mixed-up, jumbled-up, disordered, confused, or exchanged Mr. Calhoun's unlabeled colonscopic photographs for those of another patient.

15. As a result of the mix-up of colonoscopic photographs, Dr. St. Hilaire and Dr. Fitton incorrectly diagnosed Mr. Calhoun as having colon cancer when he did not have colon cancer.

16. Dr. St. Hilaire and Dr. Fitton scheduled or caused Mr. Calhoun to be scheduled for colon surgery on February 5, 2010.

17. A pathology specimen purportedly to have been taken from Mr. Calhoun's colon on January 11, 2010, was reported to be negative for colon cancer.

18. On February 3, 2010, based on the negative surgical pathology report from January 11, 2010, a CT of the abdomen was done and was reported to show no colon cancer.

19. Notwithstanding the negative pathology report, Eugene C. Mangiante, M.D., and Benjamin C. Duboise, M.D., took Mr. Calhoun to surgery on February 5, 2010 and opened his abdomen. When they ran his colon, inspecting for a cancerous lesion, they found no sign of cancer in his colon. Nevertheless, they went ahead and removed two (2) feet of Mr. Calhoun's colon.

20. After removing the segment of colon and opening it, Dr. Mangiante and Dr. Duboise found no colon cancer.

21. On February 5, 2010, pathologists David S. Archie, M.D., and Ilya Stone, M.D., examined the segment of Mr. Calhoun's colon and found no cancer.

22. The surgical pathology report of the bowel segment found no cancer.

23. On February 9, 2010, while Dr. Mangiante and Dr. Duboise were removing and examining Mr. Calhoun's healthy colon segment that had no cancer, Mr. Calhoun suffered an acute myocardial infarction as a result of the stress of the surgery.

24. Resident surgeons John P. Nash, M.D., Nathaniel Stokes, M.D., and Casey J. Stennes, M.D., on or about February 20, 2010, appeared in Mr. Calhoun's room and apologized for removing his healthy colon and admitted that Dr. Magiante and Dr. Duboise had removed a healthy two (2) feet of his colon.

25. Based on the confused and mixed-up erroneous colonoscopic photographs, Mr. Calhoun's medical team, residents and attendings, recommended a repeat colonoscopic examination to attempt to locate the colon cancer lesion shown on the erroneous colonoscopic photograph. On March 24, 2010, Kay Jackson, M.D., and Christopher Marino, M.D., performed a second colonoscopic examination and found that Mr. Calhoun's colon was free of any cancer.

26. Neither Dr. Mangiante, Dr. Duboise, nor any other resident or attending, recommended a repeat colonoscopic examination in view of the negative pathology report from January 11, 2010 and the negative colon CT done on February 3, 2010, before Dr. Mangiante and Dr. Duboise removed Mr. Calhoun's health colon on February 5, 2010.

IV.
CAUSE OF ACTION

COUNT 1 – GROSS NEGLIGENCE

27. On February 5, 2010, Eugene C. Mangiante, M.D., and Benjamin C. Duboise, M.D., were guilty of gross negligence by operating to remove two (2) feet of Mr. Calhoun's colon when they knew that the pathology report from the specimen taken on January 11, 2010, was negative for colon cancer and when they knew that an abdominal CT of February 3, 2010, was negative for a colon mass.

28. On February 5, 2010, Eugene C. Mangiante, M.D., and Benjamin C. Duboise, M.D., acted intentionally to remove two (2) feet of Mr. Calhoun's colon when they knew he had a negative pathology report and knew he had a negative abdominal CT.

29. On February 5, 2010, Eugene C. Mangiante, M.D., and Benjamin C. Duboise, M.D., acted willfully or wantonly, knowing that they would seriously injure Mr. Calhoun by operating on him when they knew he had a negative pathology report and knew he had a negative abdominal CT.

30. As a direct, proximate, factual, and legal result of the gross negligence, intentional acts, and willful and wanton acts of Eugene C. Mangiante, M.D. and Benjamin C. Duboise, M.D., Huey C. Calhoun suffered injuries he would not otherwise have suffered, the pain of surgery, and suffered an acute myocardial infarction.

COUNT 2

31. On February 5, 2010, Eugene C. Mangiante, M.D., and Benjamin C. Duboise, M.D., fell below the recognized standard of acceptable professional practice for surgeons in Memphis, Tennessee, or a similar community by operating to remove two (2) feet of Mr. Calhoun's colon when they knew that his pathology report from January 11, 2010 was negative for cancer and they knew that his abdominal CT from February 3, 2010 was negative for cancer.

COUNT 3

32. On February 5, 2010, Eugene C. Mangiante, M.D., and Benjamin C. Duboise, M.D., fell below the recognized standard of acceptable professional practice in Memphis, Tennessee or a similar community by failing to stop the operation and not remove two (2) feet of

Mr. Calhoun's colon when they knew that his pathology report for January 11, 2010 was negative for colon cancer, when they knew his abdominal CT report of February 3, 2010 was negative for colon cancer, and when they ran or examined the colon and found no signs of cancer in the colon.

### COUNT 4

33. On January 11, 2010, Robert J. St. Hilaire, M.D., Cody Grange, R.N., and Catherine G. Hollie, R.N., and Conrad P.F. Hon, M.D., fell below the recognized standard of acceptable professional practice in Memphis, Tennessee or a similar community for physicians performing a colonoscopic examination by:

    A.    Failing to enter the patient identification data on Mr. Calhoun's colonoscopic photographs during the procedure;

    B.    Failing to insure that persons under their direct supervision properly entered patient identification data on Mr. Calhoun's colonoscopic photographs during the procedure;

    C.    Failing to properly supervise Cody Grange and Catherine G. Hollie in their entering patient identification data on Mr. Calhoun's colonoscopic photographs before, during, and after the procedure.

    D.    Confusing, mixing-up and exchanging Mr. Calhoun's colonoscopic photographs with those of another patient who actually had colon cancer.

### COUNT 5

34. On January 11, 2010, Roland J. St. Hilaire, M.D., fell below the recognized standard of acceptable professional practice in Memphis, Tennessee, by failing to properly supervise Conar P. Fitton, M.D., in his handling of Mr. Calhoun's colonoscopic examination, as set out in Count 4, Paragraph 33.

COUNT 6

35. On February 5, 2010, Eugene C. Mangiante, M.D., fell below the recognized standard of acceptable professional practice by failing to properly supervise Benjamin C. Duboise, M.D., a resident in performing Mr. Calhoun's colon surgeries set out in Count I, Paragraphs 22 – 25, Count 2, Paragraph 26, and Count 3, Paragraph 27.

COUNT 7

36. At all times relevant herein, Mr. Calhoun had a preexisting condition. He had hypothyroidism and coronary artery disease, or heart disease. As a direct, proximate, factual, and legal result of the negligence of the Defendants as alleged herein, Mr. Calhoun's condition was aggravated and he was injured, even if a normal, healthy, personal without heart disease would not have been injured.

COUNT 8

37. At all times relevant herein, Santiago R. Vera, M.D., was an employee of UT Medical Group, Inc., and in the capacity of head of surgery clinic for UTMG at The VAMC, prior to Mr. Calhoun's surgery on February 3, 2010. On January 21, 2010, Dr. Vera fell below the recognized standard of acceptable professional practice in Memphis, Tennessee or a similar community by recommending or clearing Mr. Calhoun for surgery in spite of a benign biopsy. Dr. Vera failed to investigate the mix-up of Mr. Calhoun's colonoscopic photographs and the fact that either Dr. St. Hilaire or Dr. Fitton or the nurses improperly identified the case as Mr. Calhoun when, in fact, it was not Mr. Calhoun that Dr. St. Hilaire and Dr. Fitton saw an ulcerated tumor, but in some other patient.

## V.
## DAMAGES

38. As a direct, proximate, factual, and legal result of the negligence of the Defendants, as alleged above, Mr. Calhoun suffered injuries and damages he would not otherwise have suffered. He suffered pain, fright, shock, surgery under general anesthesia, an unnecessary surgery, lacerations of his abdominal wall, removal of two (2) feet of his normal healthy colon, the formation of colonic or abdominal adhesions, mental suffering, an acute myocardial infarction, a permanent injury, disfigurement, and loss of enjoyment of life.

WHEREFORE, Plaintiff prays:

1. For a judgment against the Defendants in the sum of $3,000,000.00 or to the extent allowed by law.

2. For a bifurcated proceeding at which Plaintiff puts on evidence pursuant to T.P.I. – Civil 14.55 and 14.56 as to punitive damages.

3. For a judgment in punitive damages not to exceed $5,000,000.00.

4. For discretionary costs.

5. For court costs, for a jury trial, and for general relief.

    /s/Duncan E. Ragsdale
Duncan E. Ragsdale, #4934
1415 Madison Avenue
Memphis, TN  38104
Phone:  901.523.2927
Fax:  901.526.1933
Attorney for the Plaintiff