```
IN THE UNITED STATES DISTRICT COURT
   FOR THE WESTERN DISTRICT OF TENNESSEE
              WESTERN DIVISION
```

| | |
|---|---|
| HUEY C. CALHOUN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    No. 12-2307 |
| | ) |
| UNITED STATES and UT MEDICAL | ) |
| GROUP, INC., | ) |
| | ) |
|     Defendants. | ) |

**ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS**

Before the Court is Plaintiff Huey C. Calhoun's ("Calhoun") June 20, 2012, Motion to Dismiss without prejudice for lack of subject matter jurisdiction. (Mot., ECF No. 15.) Defendant the United States (the "Government") responded on June 21, 2012. (Resp., ECF No. 15.) The Government contends dismissal should be with prejudice because this is the second action filed in federal court. For the following reasons, GRANTS Calhoun's Motion and dismisses his suit without prejudice.

**I. Background**

On January 10, 2010, Calhoun went to the Memphis Veterans Affairs Medical Center for a colonoscopy screening. (Compl. ¶ 2, ECF No. 1.) The physicians who performed the colonoscopy failed to enter his patient identification data into the proper

data fields. (Id. ¶ 13.) As a result, his photographs were exchanged with those of another patient, and he was incorrectly diagnosed with colon cancer. (Id. ¶ 14.) Although a followup biopsy and CT scan of his abdomen showed no cancer, he underwent surgery on February 5, 2010. (Compl. ¶¶ 15-19.) No cancer was detected in the colon, but Calhoun's surgeons removed two feet of his colon to examine it for cancer. (Id. ¶ 19.) There was no cancer in the removed colon. (Id. ¶¶ 20-21.) Calhoun alleges he suffered a heart attack due to surgical stress. (Id. ¶ 23.) Based on the erroneous photographs, a second colonoscopic examination was conducted on March 24, 2010. (Id. ¶ 25.) It found that there was no cancer. (Id.) No physicians recommended a repeat colonoscopic examination in view of the negative pathology report and negative CT scan prior to surgery. (Id. ¶ 26.)

Calhoun filed an Administrative Tort claim with the Department of Veterans Affairs ("Veteran Affairs") on March 30, 2011. (Id. ¶ 8.) Veterans Affairs denied Calhoun's claim on September 20, 2011, but provided him an opportunity to have his claim reconsidered. (Id. ¶ 9.) He requested reconsideration on October 25, 2011, but he has not received a response. (Id. ¶¶ 10-11.) Calhoun moves to dismiss because, as his reconsideration is still pending, his suit is not yet ripe. This is the second action he has filed against the Defendants.

The first suit, alleging the same facts and claims, was voluntarily dismissed on June 29, 2011. (Consent Order in Calhoun v. United States et al., No. 11-2240, ECF No. 7.)

**II. Jurisdiction**

The Government is a defendant in this matter. The Court has jurisdiction pursuant to 28 U.S.C. § 1346.

**III. Analysis**

"A voluntary dismissal under [Rule] 41(a) has the effect of a judgment with prejudice when . . . it is the second suit based on the same transaction." Anderson v. Aon Corp., 614 F.3d 361, 365 (6th Cir. 2010); accord John A. King, LLC v. Hosp. Corp., 381 F. App'x 577, 579 (6th Cir. 2010); Myrette-Crosley v. Mortg. Elec. Registration Sys., No. 11-05660, 2012 U.S. Dist. LEXIS 23139, at *8 (N.D. Cal. Feb. 23, 2012).

By its plain terms, Rule 41(a)(1)(B) applies only to a "notice of dismissal." "'[T]he two dismissal rule applies only when the second dismissal is by notice under rule 41(a)(1). It does not apply to a dismissal by stipulation . . . nor to dismissal by court order under Rule 41(a)(2).'" Sutton Place Dev. Co. v. Abacus Mortg. Inv. Co., 826 F.2d 637, 640 (7th Cir. 1987) (quoting 9 C. Wright & A. Miller, Federal Practice and Procedure § 2638, at 188 (1971)); see also Smith v. Bank of Am., N.A., No. 0:10-cv-3168-BMS-JRM, 2012 U.S. Dist. LEXIS 30769, at *6 (D. S.C. Feb. 21, 2012) (holding the double dismissal rule

applies only when the second dismissal is by notice); <u>Richards v. Burgett, Inc.</u>, No. 10 C 7580, 2011 U.S. Dist. LEXIS 35987, at *13 (N.D. Ill. April 4, 2011) (holding Rule 41(a)(1)(B) does not apply when "dismissal is made by motion and granted by court order."); <u>Loubier v. Modern Acoustics, Inc.</u>, 178 F.R.D. 17, 20 (D. Conn. 1998) ("The plain language of Rule 41(a) indicates that the two-dismissal rule will apply only when the second action . . . was voluntarily dismissed by notice.").

Calhoun has not filed a notice of dismissal. He has filed a motion to dismiss for lack of subject matter jurisdiction. <u>See</u> <u>Williams v. Seattle Pub. Schs.</u>, No. 09-1331, 2010 U.S. Dist. LEXIS 98745, at *6 (W.D. Wash. Sept. 8, 2010) (holding second suit did not bar litigation because there was no notice of dismissal). Any order by this Court would not be a dismissal under Rule 41(a)(1). It would be a dismissal by order of the court under Rule 41(a)(2) and so would not operate as an adjudication on the merits.

Calhoun's grounds for dismissal are well taken. The Court lacks jurisdiction. The only source of jurisdiction alleged is the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2674, which does not create liability. "'[I]t merely waives sovereign immunity . . . .'" <u>Huddleston v. United States</u>, No. 11-5873, 2012 U.S. App. LEXIS 10314, at *3 (6th Cir. May 21, 2012) (quoting <u>Myers v. United States</u>, 17 F.3d 890, 894 (6th Cir.

4

1994)). Absent that waiver, the court lacks jurisdiction to hear a suit against the Government. See Franklin Sav. Corp. v. United States, 385 F.3d 1279, 1287 (10th Cir. 2004) (holding that the extent of the Government's consent to suit governs the extent of jurisdiction over such suits). Under the FTCA, a plaintiff must exhaust his administrative remedies against the Government before initiating a lawsuit by presenting his claim to the appropriate agency and having his claim denied. Harris v. City of Cleveland, 7 F. App'x 452, 458 (6th Cir. 2005); 29 U.S.C. § 2675(a). Calhoun has not received a final denial. "The failure to comply with this jurisdictional prerequisite is grounds for dismissing a claim under the FTCA." Izquierdo v. Boldin, No. 11-CV-1826, 2012 U.S. Dist. LEXIS 38157, at *4 (N.D. Ohio March 21, 2012); see also Goosby v. U.S., 545 F. Supp. 2d 725, 733 (W.D. Tenn. 2008) (listing suits dismissed for failure to file an administrative claim). The Court lacks jurisdiction while Calhoun's request for reconsideration is pending.

**IV. Conclusion**

Calhoun's suit against the Government is premature. Therefore, this action is DISMISSED without prejudice.

So ordered this 30th day of July, 2012.

                                            /s Samuel H. Mays, Jr.
                                            SAMUEL H. MAYS, JR.
                                            UNITED STATES DISTRICT JUDGE